UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARITA TURNER,

    Plaintiff,

v.                                      Case No. 13-12744

DANITRA CALLIGNTON, et al.,

    Defendants.
_____/

## OPINION AND ORDER
## ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

In adopting an earlier Report and Recommendation ("R&R"), this court entered an order that conditionally granted Defendants Danitra Callington and Voncha Davis's motion to dismiss (Dkt. # 13) and denied Plaintiff's motion for relief (Dkt. # 16). The court permitted Plaintiff an opportunity to "move to amend her complaint by May 23, 2014, to replead her Eighth Amendment contamination-of-food claim, with allegations that explain how individual defendants were personally involved in the alleged contamination of her food or knew of it and could have prevented it." (Dkt. #33, Pg. ID 196).

Plaintiff has failed to so move, and on May 21, 2014, Magistrate Judge Patricia Morris issued an R&R recommending that:

    1) Defendant Earl Fisher's motion (Dkt. # 23) be GRANTED;

    2) Defendant Angell Oakley's motion (Dkt. # 34) be GRANTED;

    3) Plaintiff's motion for relief (Dkt. # 30) be DENIED; and

    that the case be dismissed in its entirety.

(Dkt. # 43, Pg. ID 307.)

Pursuant to 28 U.S.C. § 636(b)(1) and E.D. Mich LR 72.1(d)(2), Plaintiff was obligated to timely object in an orderly manner (e.g., numbered objections specifically identifying the matters with which she takes issue).

Plaintiff presented only a letter that includes statements such as these: "Which what [sic] was stated correct? Does the Plaintiff have to add cruel and unusual punishment? * * * I am requestion [sic] ing [sic] what would like inorder [sic] for my relief to be granted." The letter concluded with the printed name, "Sean 'Diddy' Combs," and a signature that appears to be Plaintiff's.

No particular objections are stated, and the court will accordingly adopt the recommendation of the Magistrate Judge and order the case dismissed.

## I. STANDARD

The filing of timely objections requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1); *see also United States v. Raddatz,* 447 U.S. 667, 674 (1980); *see also United States v. Walters,* 638 F.2d 947, 949 (6th Cir. 1981). This *de novo* review requires this court to examine the relevant pleadings and such evidence as may have ben submitted in support of the motions to determine the outcome of the motions.     A failure to file objections, or a failure to file *specific* objections, each constitute a waiver of any further right of appeal. *Walters*, 638 F.2d at 949–50; *Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991). Filing of objections that raise only some issues in the report and recommendation, but fail to raise others with specificity, will not preserve all

the objections a party might have.  *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

## II.  DISCUSSION

Each written objection presented pursuant to Federal Rule of Civil Procedure 72(b) must be "specific" and address the "proposed findings and recommendations." This court expects that each such objection will be numbered, identify a proposed finding or conclusion, and explain why and how the Magistrate Judge's analysis is incorrect.  In order for this court to apply meaningful *de novo* review, it is insufficient for the objecting party to simply incorporate by reference earlier pleadings or reproduce an earlier unsuccessful motion for dismissal or judgment (or a response to the other party's dispositive motion).  Insufficient objections to a magistrate judge's analysis will ordinarily be treated by the court as an unavailing general objection.  *See Howard,* 932 F.2d at 508–09 ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks."); *Spencer v. Bouchard,* 449 F.3d 721, 725 (6th Cir. 2006) ("Overly general objections do not satisfy the objection requirement.").

Here, Plaintiff has failed to present any specific objections or argument which would provide a reason to even review, let alone reject Magistrate Judge Morris's R&R. Plaintiff's rambling and unorganized presentation is equivalent to a failure to object at all.  As discussed above, Plaintiff's letter merely mentions the Magistrate Judge's R&R,

but raises no issue which has any bearing on the Magistrate Judge's analysis in the report.  By "signing" her letter to the court as "Sean 'Diddy' Combs," Plaintiff reveals either a frivolous attitude or a delusional mind.  Neither provides a sound basis to further the litigation in this case.

In presenting no objections, Plaintiff waives the right to *de novo* review by this court and also waives any further right of appeal.  *Walters*, 638 F.2d at 949-50; *Arn*, 474 U.S. at 155; *Howard*, 932 F.2d at 508-09.  The court nonetheless finds that the R&R is well-reasoned, thorough, and correct.

### IV.  CONCLUSION

For the reasons discussed above, IT IS ORDERED that the Magistrate Judge's Report and Recommendation (Dkt. # 43) is ADOPTED IN FULL and incorporated by reference.

IT IS FURTHER ORDERED that

1) Defendant Fisher's motion (Dkt. # 23) is GRANTED;

2) Defendant Oakley's motion (Dkt. # 34) is GRANTED;

3) Plaintiff's motion for relief (Dkt. # 30) is DENIED; and that

this case is DISMISSED in its entirety with prejudice.


        S/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated:  June 18, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 18, 2014, by electronic and/or ordinary mail.

S/Lisa Wagner

Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\13-12744.TURNER.Adopt R&Rand Dismiss.rljr.wpd